COMBINED METALS REDUCTION CO. v. UNITED STATES.

Civ. No. 437.

District Court, D. Utah, Central Division.

June 18, 1943.

Herbert Van Dam, of Salt Lake City, Utah, for plaintiff.

Dan B. Shields, U. S. Atty., and Scott Matheson, Asst. U. S. Atty., both of Salt Lake City, Utah, Wm. B. Waldo, Sp. Asst. to the Atty. Gen., and Peter T. Langan, Field Atty., Federal Security Agency, of Denver, Colo., for defendant.

JOHNSON, District Judge.

The case was submitted on evidence and oral argument, and after duly considering the same the Court now finds the facts to be as follows—

Findings of Fact

1. That at all times herein mentioned plaintiff was and now is a corporation under the laws of Utah, duly qualified to do business in Nevada.

2. That at all times herein mentioned prior to June 3, 1942, one Ira N. Hinckley was the Collector of Internal Revenue of the United States of America for the District of Utah; that on June 3, 1942, he went out of said office and is now deceased.

3. Plaintiff brought this suit for refund of taxes exacted, in part, under Titles 8 and 9 of the Social Security Act (Act of August 14, 1935, 42 U.S.C.A. § 1001 et seq.), and in part for refund of taxes exacted under Chapter 9, Subchapter (a) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code § 1400 et seq.

4. For about eighteen years last past, plaintiff has been, and now is engaged in, mining, producing, treating, reducing, marketing and dealing in and with ores and minerals; its chief products have been lead concentrates and zinc concentrates; it owns and operates mines, mills and reduction plants at Bauer, in Tooele County, Utah, and at Caselton near Pioche, in Lincoln County, Nevada; it also owns and operates mines near Bingham, West Mountain Mining District, Salt Lake County, Utah.

During practically the whole of the time plaintiff has been so operating, there have been portions of its property and underground workings, reputed to contain good ore, where company supervised operations would be commercially impracticable; and plaintiff believed that the aforesaid areas could be mined successfully by independent leasers, working with the incentive of a greater return than a day's wage, and exercising more care and giving greater attention to detail in the selection and handling of ore, than could be usually had in the company's regular mining operations.

Accordingly, the plaintiff instituted, and during substantially all of the time it has been engaged in mining operations, has carried on a program of leasing portions of its mining property and underground workings. Leasing mines, and portions thereof, is an old practice in all the Western mining states. Various skilled miners from time to time investigated portions of plaintiff's property, and from time to time obtained written leases on areas desired by them. In general, after obtaining a lease, a lessee would associate with himself one or more miners to assist in carrying on the lease operations.

5. During the period 1937–1941, plaintiff had in use at different times two forms of lease, a copy of one of which was marked Exhibit "A" and attached to plaintiff's complaint as a part thereof, and the original of which was received in evidence as plaintiff's Exhibit No. 3; and a copy of the other form was received in evidence as plaintiff's Exhibit No. 1. These were

typical forms of lease agreement entered into between the plaintiff and its various lessees, but most of the leases which are involved herein, were in the earlier form; i. e., of Exhibit No. 1.

6. (a) Plaintiff, for the quarters indicated in the following table, made returns under Title VIII of the Social Security Act (Act of August 14, 1935, 42 U.S.C.A. § 1001 et seq.). or, after it became effective, under Chapter 9, Subchapter A, Parts I and III of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code §§ 1400 et seq., and 1420 et seq. In those returns it showed wages paid and tax due without, as to the wages, including amounts paid to certain persons working in and about its mines, and it paid the taxes with respect to such wages as were returned, in the amounts returned.

Subsequently the Commissioner of Internal Revenue determined that the sums paid to the excluded categories of workmen were "wages" within the meaning of the statute applying, and called upon the plaintiff to file amended or supplemental returns to include the sums so paid, but it declined to comply, and thereafter under authority of Section 3612 Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 3612 (and Section 3176 Revised Statutes, as amended by the Revenue Act of 1926), supplemental returns were made by a deputy collector from information obtained by him, showing additional wages paid and taxes due as per appropriate columns and figures in the table below, which also discloses the amount of added interest, also totals assessed and when paid—

| Quarter Ended | Wages | Amt. for | Reported Assessment | Total | Assessment List | Date Paid |
|---|---|---|---|---|---|---|
| 3–31–37 | $35,579.23 | Tax | $ 711.58 | | | |
| | | Int. | 199.24 | $ 910.82 | Dec. 1941 | 4–11–42 |
| 6–30–37 | 40,963.05 | Tax | 819.26 | | | |
| | | Int. | 216.90 | 1,036.16 | Dec. 1941 | 4–11–42 |
| 9–30–37 | 36,032.95 | Tax | 720.66 | | | |
| | | Int. | 172.55 | 893.21 | Oct. 1941 | 2–25–42 |
| 12–31–37 | 42,678.74 | Tax | 853.58 | | | |
| | | Int. | 191.57 | 1,045.15 | Oct. 1941 | 2–25–42 |
| 3–31–38 | 55,954.87 | Tax | 1,119.10 | | | |
| | | Int. | 234.57 | 1,353.67 | Oct. 1941 | 2–27–42 |
| 6–30–38 | 48,177.75 | Tax | 963.56 | | | |
| | | Int. | 187.34 | 1,150.90 | Oct. 1941 | " |
| 9–30–38 | 37,775.81 | Tax | 755.52 | | | |
| | | Int. | 135.56 | 891.08 | Oct. 1941 | " |
| 12–31–38 | 30,435.62 | Tax | 608.72 | | | |
| | | Int. | 100.09 | 708.81 | Oct. 1941 | " |
| 3–31–39 | 42,159.70 | Tax | 843.20 | | | |
| | | Int. | 126.14 | 969.34 | Oct. 1941 | " |
| 6–30–39 | 46,994.16 | Tax | 939.88 | | | |
| | | Int. | 126.35 | 1,066.23 | Oct. 1941 | " |
| 9–30–39 | 39,990.68 | Tax | 799.82 | | | |
| | | Int. | 95.52 | 895.34 | Oct. 1941 | " |
| 12–31–39 | 36,118.06 | Tax | 722.36 | | | |
| | | Int. | 75.44 | 797.80 | Oct. 1941 | " |
| 3–31–40 | 51,169.95 | Tax | 1,023.40 | | | |
| | | Int. | 91.70 | 1,115.10 | Oct. 1941 | " |
| 6–30–40 | 50,575.63 | Tax | 1,011.52 | | | |
| | | Int. | 75.29 | 1,086.81 | Oct. 1941 | " |
| 9–30–40 | 29,250.64 | Tax | 585.02 | | | |
| | | Int. | 34.77 | 619.79 | Oct. 1941 | " |
| 12–31–40 | 7,433.46 | Tax | 148.66 | | | |
| | | Int. | 6.60 | 155.26 | Oct. 1941 | " |
| 3–31–41 | 4,795.59 | Tax | 95.92 | | | |
| | | Int. | 2.84 | 98.76 | Oct. 1941 | " |
| 6–30–41 | 4,540.71 | Tax | 90.82 | | | |
| | | Int. | 1.31 | 92.13 | Oct. 1941 | " |

(b) Plaintiff made returns under Title IX of the Social Security Act, 42 U.S.C.A. § 1101 et seq., or, after it became effective, under Chapter 9, Subchapter A, parts II and III of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 1410 et seq., for the taxable years indicated below. In those returns it showed wages paid and tax due without including in the wages returned as paid the amounts paid to certain persons working in and about its mines, but it paid, with respect to the wages returned as paid, the tax computed thereon in the amounts returned. Subsequently the Commissioner of Internal Revenue determined that the sums paid to the excluded categories of workmen were "wages" within the meaning of the statute applying, and called upon the plaintiff to file amended or supplemental returns to include the sums so paid, but it declined to comply, and thereafter under authority of Section 3612 Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3612 (and Section 3176 Revised Statutes, as amended by the Revenue Act of 1926), supplemental returns were made by a deputy collector from information obtained by him, showing additional wages paid, which are incorporated in the corrections of data submitted in the returns as shown below.

| 1937 | Reported on Amended Return | Corrected |
|---|---|---|
| Total taxable wages | $ 909,440.51 | $1,081,562.90 |
| Tax (2% of wages) | 18,189.82 | 21,631.26 |
| Less credit for contributions paid into State Fund | 16,362.14 | 19,150.41 |
| Balance of Tax | $ 1,826.68 | $ 2,480.85 |
| Less tax assessed on returns | | 1,826.68 |
| Additional Tax Due | | $ 654.17 |

| 1938 | Reported on Return | Corrected |
|---|---|---|
| Total taxable wages | $ 833,691.01 | $1,008,686.28 |
| Tax (3% of wages) | 25,010.73 | 30,260.59 |
| Less credit for contributions paid into State Fund | 22,486.25 | 26,738.63 |
| Balance of Tax | $ 2,524.48 | $ 3,521.96 |
| Less tax assessed on returns | | 2,524.48 |
| Additional Tax Due | | $ 997.48 |

| 1939 | Reported on Return | Corrected |
|---|---|---|
| Total taxable wages | $ 831,842.08 | $1,003,503.31 |
| Tax (3% of wages) | 24,955.28 | 30,105.10 |
| Less credit for contributions paid into State Fund | 22,455.84 | 26,277.68 |
| Balance of Tax | $ 2,499.44 | $ 3,827.44 |
| Less tax assessed on return | | 2,499.44 |
| Additional Tax Due | | $ 1,328.00 |

| 1940 | Reported on Return | Corrected |
|---|---|---|
| Total Taxable Wages | $1,108,521.04 | $1,246,950.72 |
| Tax (3% of wages) | 33,255.63 | 37,408.52 |
| Less credit for contributions paid into State Fund | 29,930.07 | 31,898.75 |
| Balance of Tax | $ 3,325.56 | $ 5,509.77 |
| Less tax assessed on return | | 3,325.56 |
| Additional Tax Due | | $ 2,184.21 |

The additional taxes as above computed were assessed and paid, or partly paid, as follows:

| Year | Tax | Interest | Assessment List | Payments | |
|------|-----|----------|-----------------|----------|--|
| 1937 | $ 654.17 | $156.96 | Jan. 1942 | $ 449.94 | 2–13–42 |
|      |          |         |           | 361.19 | 3–5–42 |
| 1938 | 997.48 | 181.18 | Feb. 1942 | 1,178.66 | 2–27–42 |
| 1939 | 1,328.00 | 161.54 | Feb. 1942 | 1,097.49 | 2–27–42 |
|      |          |         |           | 546.59 | 2–27–42 |
| 1940 | 2,184.21 | 134.64 | Feb. 1942 | 135.56 | 3–5–42 |

(c) That on April 27, 1942, a claim for refund in the sum of $1,946.98 was filed with reference to the taxes and interest referred to in subparagraph (a), supra, as having been exacted for the periods from January 1, 1937, to June 30, 1937; that on April 2, 1942, a claim for refund was filed in the sum of $12,936.38 relating to the additional taxes and interest referred to in subparagraph (a), supra, as having been exacted for the periods July 1, 1937, through June 30, 1941. A claim for refund in the sum of $811.13, and one for $1,178.66, and one for $1,489.54, and one for $2,318.85, all on April 2, 1942, were filed to apply respectively to the taxes assessed for 1937, 1938, 1939, and 1940, as stated in subparagraph (b), supra. Each of those claims for refund as grounds contended that the sums with reference to which the taxes were exacted were not wages but a percentage of net returns from ore sales. It was further contended that leasing is not employment. The Commissioner of Internal Revenue has acted on none of the refund claims mentioned in this subparagraph.

7. All the payments shown in the foregoing paragraph as having been made on various dates, were made to Collector Hinckley during his tenure of office.

8. Leasing operations were conducted in the Honerine-Calumet-Bluestone mines in Tooele County, Utah, and in plaintiff's Bingham unit mine, West Mountain Mining District, Salt Lake County, Utah, and at its properties at and near Pioche in Lincoln County, Nevada, substantially in accordance with the forms of contract above described. No leasing contracts were canceled by the plaintiff but written extensions or renewals of said contracts were made as long as lessees desired to continue their operations. Plaintiff did not supervise, control or direct any lessee as to the details or methods by which the result contemplated by the contract was to be accomplished. Plaintiff had no right to discharge with respect to a lessee or a lessee's employees, nor did it attempt to exercise any such right. Under said lease contracts the place where the work was performed was not a place furnished by the plaintiff but control and dominion over it passed by the contract to the lessee for the duration of the term. Under said lease contract and the company's practices every lessee had the right to furnish his own tools and equipment.

9. Operations under the aforesaid contracts differed substantially from operations conducted by the company on its own account. The leasers had a free hand in determining where and in what manner to work their areas; how to sort the ore; what to discard as waste and with respect to hiring and firing their employees and in the choosing of associates or partners. The supervision exercised by plaintiff over the operations of lessees was exercised in the interest of safety and in conformity with State laws. In contrast with this, plaintiff's own operations on company account were subject to the constant supervision of its shift bosses, foremen, superintendent and its general manager. The court finds that the miners (leasers or lessees) who worked under and in accordance with the leases in evidence herein, were not employees of plaintiff; it was not their employer; they were independent contractors.

## Conclusions of Law

The following are the court's conclusions of law based on the foregoing findings of fact—

█ 1. Jurisdiction is conferred by the provisions of Title 28, United States Code Annotated, Section 41, Subdivision 20, as an action to recover payments of excise taxes under Titles VIII and IX of the Social Security Act (Act of August 14, 1935, 42 U.S.C.A. § 1001 et seq.), and to recover payment of excise tax exacted under Chap-

ter 9, Subchapter (a) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 1400 et seq.

■ 2. The lessees working under and pursuant to the described lease contracts were independent contractors and not employees of plaintiff, within the meaning of the law.

■ 3. As among themselves the leasers were partners and not employees of the plaintiff, nor were men employed by said leasers in any sense employees of the plaintiff.

4. Plaintiff was not subject to the provisions of Title 8 and Title 9 of the Social Security Act, Subchapters (a) and (c) of Chapter 9 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, §§ 1400 et seq. and 1600 et seq., in connection with returns from ore mined and extracted by the aforesaid lessees at plaintiff's mines.

5. Plaintiff's payments in the total sum of $18,655.79, for which claims for refund were made, were unlawfully exacted as social security taxes on payments by plaintiff to persons who were not, during the period herein mentioned, employees of plaintiff, and plaintiff is entitled to a refund of said payments with interest thereon at 6% per annum according to law.

And it is ordered that judgment be entered accordingly.

Now, based upon and pursuant to said findings of fact and conclusions of law, it is now ordered, adjudged and decreed that the plaintiff do have and recover of and from the defendant the sum of $18,655.79, with interest on the constituent sums making up that aggregate total (see findings of fact) at 6% per annum according to law.